### CONGER and CONGER *vs.* THE TRADESMAN'S BANK

A bank deducted 93 days discount in discounting, on the day of its date, a note at 90 days.   The note was for $931.54, and was payable in point of fact in 92 days, the third day of grace falling on a Sunday, and the bank thus charged 17 cents interest more than 7 per cent per annum.   It was the practice of the bank, on discounting, to call the odd cents, if under fifty, nothing—if over fifty, one dollar; and they accordingly charged discount on the fifty-four cents in this case as on a dollar, and thus took one cent and a fraction interest more than 7 per cent per annum.   On the trial, it was put to the jury, whether the bank knowingly overcharged, or whether there was an agreement to take and give more than legal interest.   *Held*, on error, that the case was rightly put to the jury. (a)

*Held further*, that the principle, de minimis non curat lex, is a sufficient answer to an objection of usury in charging discount on the fifty-four cents as on a dollar.

ERROR from the New York common pleas.   The facts are sufficiently stated in the opinion of the court.

---

(a) The taking or reserving of more than the legal amount of interest, through an error in computation, does not constitute usury.   *Marvine* v. *Humers*, 2 Kern., 223.

Conger v. Tradesman's Bank.

*By the Court,* Cowen, J. The court below left two questions of usury to the jury.

The plaintiff below, the bank, had discounted a note made by one defendant below and endorsed by the other, to raise money. The note was dated Aug. 30th, 1839, and was for $931.54, payable at 90 days.

It was discounted by the bank on the day of its date and a discount taken for 93 days, though accidentally the third day of grace falling on Sunday, it was in strictness payable on Saturday. Wherefore the discount was 17 cents beyond the rate of 7 per cent. This was alleged for usury.

Again, the odd cents (54) were called one dollar, according to a practice of computation at the bank of calling odd cents in a note where less than fifty, nothing; where over fifty, one dollar. In this way the bank *got one cent and a fraction* over 7 per cent.

It was put to the jury whether the bank knowingly overcharged, or whether there was an agreement to take and give more than legal interest. They found not. The case does not seem to have been left to the jury on the *general intent* to take usury, as the counsel for the plaintiffs in error supposed.

As to the larger sum, seventeen cents, the whole was most obviously a mistake in not adverting to the fact that the last day of grace was Sunday.

As to the cent and a fraction, the bank was in the habit of casting interest on a dollar or nothing according as the odd cents in the body of the note overran or fell short of half a dollar; and this was for the convenience of business. It is too small a concern for this writ of error, a cent too much discount on a note of nearly $1000 ; and may well be disposed of by saying *de minimis non curat lex.* But even this, being a sum so very little in proportion to the principal, might, I should think, under the circumstances proved, be put, as it was, on the intent to overcharge.

The recovery was well enough, and the judgment must be affirmed.

Judgment affirmed.